## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD JEAN-BAPTISTE**, | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-02298 (TNM) |
| **U.S. DEPARTMENT OF JUSTICE**, *et al.*, | |
| Defendants. | |

## <u>MEMORANDUM OPINION</u>

Harold Jean-Baptiste filed this suit as the latest salvo in a lawfare campaign against the Department of Justice and its officials. Jean-Baptiste alleges that the Federal Bureau of Investigation conspired to kidnap him from a New York hospital. And he argues that it did so "under National Security" to hide its misdeeds. The Court will dismiss Jean-Baptiste's Complaint. And it will order him to show cause why he should not be enjoined from submitting further pro se complaints in this district without leave of court.

## I.

The Government has moved to dismiss Jean-Baptiste's pro se Complaint. Mot. to Dismiss (MTD), ECF No. 10. So the Court assumes the truth of his allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court does its best to present those allegations here. But they are often difficult to parse.

Jean-Baptiste alleges that, in late July 2023, he was at the Long Island Jewish Hospital in Valley Stream, New York, for unidentified medical treatment. Sec. Amend. Compl. (SAC) ¶ 6, ECF No. 6. While he was there, he alleges that an unnamed "FBI Special Agent" ordered a security guard to leave his post so that the agent could "execute a kidnapping attempt" against

him.  *Id*.  All the while, he claims "an Indian lady" from an "FBI surveillance team" stood watch from the sidewalk outside the hospital, and "a Spanish male" was present in a "tall white van," ready to whisk him away.  *Id*.  Jean-Baptiste alleges that the FBI carried out this plot "under National Security to cover these illegal actions."  *Id*.

So go the factual allegations in Jean-Baptiste's Complaint.  The rest of the Complaint comprises several pages of ad hominem attacks on the unnamed FBI agent.  *See* SAC ¶ 10 (describing the agent as "child of the [*sic*] Lucifer," claiming that "calling this FBI Special Agent In Charge an animal would be an insult to the animal kingdom," and stating that "this FBI Special Agent In Charge must not be a human," among other things).  Based on these limited factual allegations, Jean-Baptiste claims that the Department of Justice and its officers are liable under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986, 18 U.S.C. § 241, the Ninth Amendment, the common law tort of negligence, and "cruel and human rights violations."  *Id*. ¶ 11.

## II.

Jean-Baptiste's claims immediately founder.  Start with his civil rights claims.  Neither 42 U.S.C. § 1981 nor § 1983 applies to the federal government or federal officers.  *See Davis v. U.S. Dep't of Just.*, 204 F.3d 723, 725 (7th Cir. 2000) ("[B]y its language, § 1981 does not apply to actions taken under color of federal law."); *Bundy v. Sessions*, 387 F. Supp. 3d 121, 127 (D.D.C. 2019) ("Section 1983 does not apply to federal officials acting under color of federal law."), *aff'd,* 812 F. App'x. 1 (D.C. Cir. 2020).  More, the Government and its officers are absolutely immune from suit under § 1985.  *See Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006).  And a § 1986 claim requires a predicate § 1985 offense.  *See* 42 U.S.C. § 1986.  So the failure of Jean-Baptiste's § 1985(3) claim dooms his § 1986 claim.

That leaves his sundry remaining claims.  First, the § 241 claim fails because private parties lack both standing and a cause of action to enforce the criminal law.  *United States v. Texas*, 599 U.S. 670, 677 (2023) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Nor is there a private cause of action to enforce the Ninth Amendment.  *See Bond v. United States*, 564 U.S. 211, 218 (2011).  And the "cruel and human rights violations" claim fails because it does not identify any substantive legal basis for liability.

Last is Jean-Baptiste's negligence claim.  He does not clearly articulate what conduct was negligent.  Instead, he simply states that the "FBI Agents were negligent, lack of Care of Duty to oppress the plaintiff."  SAC ¶ 15.  Although the Court must charitably construe a pro se complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it still must make out a coherent cause of action, *see Kaemmerling v. Lappin*, 553 F.3d 669, 677 (D.C. Cir. 2008).  This one does not.

Jean-Baptiste alleges that Government agents torted him by attempting to kidnap him. But attempted kidnap is not a tort.  Indeed, American law seldom recognizes inchoate torts. *Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449, 457 (7th Cir. 1982) ("Because[] . . . there is no concept of an inchoate tort, wrongdoing that has no impact is not tortious.").

More fundamentally, Jean-Baptiste lacks standing to levy such a claim in federal court. For a plaintiff to sue in federal court, he must have suffered a "concrete and particularized" injury that is "actual or imminent."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  But Jean-Baptiste suffered no injury.  He alleges that a man drove up to him in a van and that, when he noticed the van, he ran away.  SAC ¶ 6.  He suffered no physical, financial, stigmatic, or emotional harm because of this—literally—drive-by encounter.  Since he suffered no injury, he lacks standing.  So this claim, too, must be dismissed.

These are not trifling defects with the Complaint.  Instead, they go to the very jurisdiction of the Court.  When a plaintiff's claims are "wholly insubstantial," "obviously frivolous," or "obviously without merit," the Court lacks jurisdiction to address them.  *See Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974).[1]  As the D.C. Circuit has explained, complaints founded on "bizarre conspiracy theories" meet this standard.  *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).

That describes Jean-Baptiste's Complaint.  Jean-Baptiste alleges that he is embroiled in a vast conspiracy, involving attempts on his life by agents of federal law enforcement for as-yet-unexplained reasons.  As described above, his claims are wholly implausible.  And his factual allegations are fanciful at best.  So the Court concludes that, in addition to failing to meet the Rule 12(b)(6) bar, Jean-Baptiste's claims flunk the *Bell v. Hood* test, and the Court lacks jurisdiction over them.

Finally, the Court notes an alternative and independently sufficient basis to dismiss this Complaint.  Jean-Baptiste filed his Complaint on August 4, 2023.  ECF No. 1.  And he amended that Complaint on August 16, 2023.  ECF No. 6; *see* Fed. R. Civ. P. 15(a)(1)(A).  But this means, at the latest, Jean-Baptiste was required to submit proof of service on November 14.  Fed. R. Civ. P. 4(m).  He did not do so.  Although Jean-Baptiste filed what he purported to be proof of service

---

[1] There may be some tension between *Bell v. Hood*, 327 U.S. 678 (1946), and its progeny and *Brownback v. King*, 141 S. Ct. 740 (2021).  *Bell* holds that courts lack jurisdiction to address the merits of claims that are wholly insubstantial or frivolous.  *Bell*, 327 U.S. at 682–83.  And "[f]or a court to" rule "when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998).  But *Brownback* holds that, when a jurisdictional issue subsumes a merits issue, courts may decide either one first.  *Brownback*, 141 S. Ct. at 749.  And it is true that the *Bell* analysis wholly subsumes the Rule 12(b)(6) analysis.  After all, the Court cannot determine that a claim is utterly meritless without necessarily determining that it is implausible in the *Iqbal* sense.  *See Iqbal*, 556 U.S. at 678.  Despite that tension, *Brownback* permits courts to address both jurisdiction and the merits, so the Court does so here.

on August 21, ECF No. 7, he later correctly acknowledged that this was deficient under Rule 4(c), ECF No. 13.  To date, Jean-Baptiste has *never* filed adequate proof of service.  The most he did was file a belated motion to extend the time to serve his Complaint, two weeks after the service deadline had passed.  *Id*.  And as his motion to extend illustrates, Jean-Baptiste was aware of his deficient service.[2]  *Id*.

Dismissal is therefore warranted.  Jean-Baptiste never served his Complaint and summons in the manner prescribed by Rule 4.  And he had actual knowledge of that fact, as his motion demonstrates.  So "the court[]. . .[]must dismiss the action."  Fed. R. Civ. P. 4(m) (requiring dismissal where Plaintiff has notice of the deficiency in service).

### III.

The Government asks that this Court enjoin Jean-Baptiste from filing future lawsuits in this district without authorization.  MTD at 11–14.  Courts have the inherent authority to enjoin litigants who abuse the judicial process from making future filings.  *See In re Powell*, 851 F.2d 427, 430 (D.C. Cir. 1988).  But this is an "extreme remedy," only to be used "in exigent circumstances."  *Id*. at 431.  And before filing an injunction, a court must give the subject of the injunction "notice and an opportunity to be heard," and must "make substantive findings as to the frivolous or harassing nature of the litigant's actions."  *Id*.

---

[2] Jean-Baptiste's acknowledgment that his service was deficient was likely prompted by the Court's Rule 4(m) warning in a separate lawsuit.  Jean-Baptiste has some half-dozen lawsuits pending against the Department of Justice and other parties in this District.  In one such lawsuit, the Court warned him that his service was deficient because it was not made by a nonparty, as required by Rule 4(c).  *See* November 20, 2023, Minute Order, *Jean-Baptiste v. U.S. Dep't of Just.*, Case No. 23-cv-02669-TNM (D.D.C.).  Prompted by that warning, Jean-Baptiste noticed and acknowledged the identical deficiency here.  He thus was on notice of the deficiency of his service, and that notice came from the Court itself.

*Powell* seems applicable here.  Other courts have already noted the frivolousness of Jean-Baptiste's lawsuits.  Both the Eastern District of New York and the Southern District of Florida have enjoined him from further pro se filings in their districts.  *Jean-Baptiste v. U.S. Dep't of Just.*, 23-cv-06297 (PKC) (LB), 2023 WL 6587958, at *2 (E.D.N.Y. Oct. 10, 2023); ECF No. 25, *Jean-Baptiste v. U.S. Dep't of Just.*, Case No. 23-cv-22531-JEM (S.D. Fla.).  Similarly, the Southern District of New York has found that his lawsuits are persistently frivolous and warned him against further meritless litigation.  *Jean-Baptiste v. U.S. Dep't of Just.*, Case No. 22-cv-08318 (LTS), 2023 WL 2390875, at *4 (S.D.N.Y. Mar. 6, 2023).  And courts across New York have preemptively denied him *in forma pauperis* status on the ground that "any appeal would not be taken in good faith."  *See*, *e.g.*, *id.*; *see also Jean-Baptiste*, 2023 WL 6587958, at *2; *Jean-Baptiste v. Montway LLC*, Case No. 22-cv-05579 (PKC) (LB), 2022 WL 11213581, at *4 (E.D.N.Y. Oct. 19, 2022).

Jean-Baptiste has flooded the federal courts with frivolous litigation.  A quick search on PACER shows 47 cases associated with him.[3]  In each case, he is the plaintiff and brings similarly fantastical claims against a host of defendants.  To take a small sample, he has sued two New Yorkers for "us[ing] [their] LinkedIn and Gmail account as a tool . . . to discriminate" against him.  Compl. ¶ 1, ECF No. 1, *Jean-Baptise v. Smith*, Case No. 23-cv-10466-JGK (S.D.N.Y.).  He has sued a Long Island Dunkin Donuts for allegedly attempting to poison his food for unexplained reasons.  Compl. ¶ 6, ECF No. 1, *Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, Case No. 23-cv-02308-PKC-LB (E.D.N.Y.).  He has sued the City of New York, arguing that Google (an unrelated company) violated 42 U.S.C. §§ 1983 and 1986

---

[3] Searching PACER produced 48 results, but one case, *In re Harold Jean-Baptiste*, 3:07-bk-12367-whd (N.D. Ga), was not clearly filed by *this* Harold Jean-Baptiste.  In any event, whether he filed 47 or 48 suits, the Court's decision would be the same.

because the city took too long to act on his application for a handgun license.  Compl. ¶¶ 6, 11–12, ECF No. 1, *Jean-Baptiste v. City of New York*, 21-cv-07876-ALC (S.D.N.Y.).  And he has sued a Florida supermarket for allegedly working with the FBI to poison the water bottles he bought there—again, for unexplained reasons.  Compl. ¶ 6, ECF No. 1, *Jean-Baptiste v. Publix Super Mkts., Inc.*, Case No. 23-cv-23181-RNS (S.D. Fla.).  By far the most common subject of his ire is the Department of Justice, the defendant in no fewer than 18 of his lawsuits.[4]

At some point, the federal courts need not suffer further frivolous suits from a litigant. Indeed, "[c]ourts must 'protect and preserve the sound and orderly administration of justice.'" *Bishay v. Harris*, 21-cv-01831 (TNM), 2023 WL 2784840, at *1 (D.D.C. Apr. 5, 2023).  And "[t]o do that, courts must sometimes enjoin harassing litigants."  *Id*.

Jean-Baptiste's filings brim with sensational claims of vast conspiracies against him and have yet to state a single claim on which relief could be granted.  So the Court will order Jean-Baptiste to show cause, within 14 days, why it should not enter the following injunction against further pro se filings in this district:

> Harold Jean-Baptiste is hereby enjoined from filing any pro se complaint in the United States District Court for the District of Columbia without first obtaining leave to file upon a showing that the complaint raises new, non-frivolous matters that have not been previously adjudicated.  If Jean-Baptiste files a new action in the United States District Court for the District of Columbia without first obtaining leave to do so, that suit will be summarily dismissed without prejudice.  For the purposes of this order, "filing any pro se complaint" includes voluntarily transferring any lawsuit in which Jean-Baptiste is proceeding pro se to this district from any other district.  This order does not limit Jean-Baptiste's ability to file a petition for a writ of habeas corpus or other request for an extraordinary writ in connection with a criminal case.

---

[4] Even when Jean-Baptiste sues a party other than the Department of Justice, his allegations tend to center around outlandish claims that the Department or its officers have conspired with the private party whom he sues.  *See*, *e.g.*, Compl. ¶ 6, *Publix*, Case No. 23-cv-23181-RNS (S.D. Fla.).

Jean-Baptiste's response should address whether the proposed injunction is appropriate.

It should not relitigate the merits of his Complaint.  A separate order will be issued today.


Dated: December 12, 2023                    _____
                                                               TREVOR N. McFADDEN, U.S.D.J.